1

2               UNITED STATES DISTRICT COURT

3              NORTHERN DISTRICT OF CALIFORNIA

4

5    STEVEN WAYNE BONILLA,              Case Nos.  22-cv-1014-PJH
                                                   22-cv-1023-PJH
6              Plaintiff,                          22-cv-1025-PJH
                                                   22-cv-1027-PJH
7         v.                                       22-cv-1028-PJH
                                                   22-cv-1118-PJH
8    SONOMA COUNTY CLERK'S OFFICE,                 22-cv-1511-PJH
     et. al.,                                      22-cv-1512-PJH
9                                                  22-cv-1513-PJH
10             Defendants.                         22-cv-1514-PJH
                                                   22-cv-1515-PJH
11                                                 22-cv-1516-PJH
12                                                 22-cv-1529-PJH
13                                                 22-cv-1530-PJH
                                                   22-cv-1545-PJH
14

15

16

17                                       **ORDER DISMISSING MULTIPLE
                                         CASES WITH PREJUDICE**
18

19

20        Plaintiff, a state prisoner, has filed multiple pro se civil rights complaints under 42

21   U.S.C. § 1983.  Plaintiff is a condemned prisoner who also has a pending federal habeas

22   petition in this court with appointed counsel.  *See Bonilla v. Ayers*, Case No. 08-0471

23   YGR.  Plaintiff is also represented by counsel in state court habeas proceedings.  *See In

24   re Bonilla*, Case No. 20-2986 PJH, Docket No. 1 at 7.

25        Plaintiff presents nearly identical claims in these actions.  He names as

26   defendants several counties, state courts and clerk's offices.  He seeks relief regarding

27   his underlying conviction or how his other cases were handled by the state and federal

28   courts.

United States District Court
Northern District of California

1    To the extent that plaintiff seeks to proceed *in forma pauperis* (IFP) in these cases,

2  he has been disqualified from proceeding IFP under 28 U.S.C. § 1915(g) unless he is

3  "under imminent danger of serious physical injury" at the time he filed his complaint.  28

4  U.S.C. 1915(g); *In re Steven Bonilla*, Case No. 11-3180 CW; *Bonilla v. Dawson*, Case

5  No. 13-0951 CW.

6    The allegations in these complaints do not show that plaintiff was in imminent

7  danger at the time of filing.  Therefore, he may not proceed IFP.  Moreover, even if an

8  IFP application were granted, his lawsuits would be barred under *Heck v. Humphrey*, 512

9  U.S. 477, 486-87 (1994), *Younger v. Harris*, 401 U.S. 37, 43-54 (1971), *Demos v. U.S.*

10  *District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) or *Mullis v. U.S. Bankruptcy Court*,

11  828 F.2d 1385, 1393 (9th Cir. 1987).  Accordingly, the cases are dismissed with

12  prejudice.

13    The clerk shall terminate all pending motions and close these cases.  The clerk

14  shall return, without filing, any further documents plaintiff submits in these closed cases.

15    **IT IS SO ORDERED.**

16  Dated: March 14, 2022

17

18    \_\_/s/ Phyliss J. Hamilton_____

19    PHYLLIS J. HAMILTON
     United States District Judge

20  T:\PJHALL\_psp\2022\Bonilla '22\Bonilla Dismissals3.docx

21

22

23

24

25

26

27

28

2